**FISHBACK, Plaintiff-Appellant, v. BALDASARRO et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4654. Decided September 17, 1951.

Key, Butler & Harrison, Paul Thomas Key, of Counsel, Columbus, for plaintiff-appellant.

W. B. Bartels, Edward F. Lynch, Columbus, for defendants-appellees.·

## OPINION

**By THE COURT.**

Submitted on motion by the defendants-appellees seeking an order dismissing the appeal herein for the reason that the said appeal is not based upon final orders. The record reveals that the notice of appeal is directed to two orders of the trial court, one of which was entered on June 8, 1951, vacating and suspending the default judgment for $1600.00 entered by it on May 15, 1951, in favor of the plaintiff and against the defendants. The other order appealed from was dated June 12, 1951, which permitted the refiling out of rule of a demurrer to the interrogatories attached to the petition.

Counsel for the appellees cite the case of **Green v. Acacia Mutual Life Ins. Co., 156 Oh St 1,** the fourth syllabus of which provides:

"An order granting a new trial upon motion made in accordance with §11578 GC, is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and §12223-2 GC, providing that 'an order vacating or setting

aside a judgment and ordering a new trial, is a final order,'
is in conflict with **Section 6, Article IV of the Ohio Con-
stitution."**

The appellants have no quarrel with the principle of law
announced in the Green case, supra, but are contending that
the order sought to be vacated there was not based upon an
abuse of discretion but that the motion was made in accord-
ance with §11578 GC. An examination of the factual situa-
tion supports the appellant in this contention. The orders
made in the case at bar were made during the same term
of court, and it is fundamental that a trial court has con-
trol of its judgments and orders during the term pro-
vided that in so doing it does not abuse its discretion.

In **2 O. Jur. Pt. 1, Section 110, p. 222,** it is said:

"Under the old practice in vogue before the enactment of
the latest statutes, in determining whether rulings made
on motions to set aside, vacate, or modify judgments were
final orders, distinctions were made between orders sus-
taining such motions and orders overruling them. More-
over, as to orders sustaining such motions, a distinction had
to be made between motions filed during the term at which
the judgment was rendered and those filed during a subse-
quent term.

"An order of court sustaining a motion filed during the
term a judgment was rendered to vacate it or to set it aside
was not regarded as a final order unless the court was shown
to have abused its discretion in sustaining the motion. And
in some of the authorities it was merely stated more broadly
that such an order is not final, but there seemed to be little
doubt that the order was reviewable where abuse of discre-
tion could clearly be shown."

Also, **2 O. Jur. p. 1109, Section 619,** it is stated:

"The rule is firmly established in Ohio that the control
of a reviewing court over the discretion of a lower court in
vacating or modifying its judgments or orders during term
time is limited to cases where an abuse of discretion is
clearly shown; in this connection it has been pointed out
that no language, however strong, will take away the right
of review where there is shown an abuse of discretion."

In the Green case, supra, the court seemed to recognize
the exception wherein it said at page 9:

"By the same line of reasoning the trial court in the present
case had control of the judgment on the verdict until it
passed upon the motion for a new trial, and since the granting
of a new trial was not erroneous, **there being no abuse of
discretion upon the part of the court,** there is no final order,

for the plaintiff has the right to a retrial of the case in the same court and might well obtain a judgment against the defendant." (Emphasis ours.)

Our Supreme Court again seemed to recognize the exception in the more recent case of MeJe v. Mason, 156 Oh St 118.

The motion will, therefore, be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.